SUAU BROTHERS, Plaintiffs and Appellants, *v.* FIDEL GERENA, as Guardian of the minor MARÍA ELADIA GONZÁLEZ, and BARTOLO SUAU, Defendants.—GERENA, Appellee.

No. 3943. Argued February 9, 1927.—Decided June 14, 1927.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Fidel Gerena, as guardian of the minor María Eladía González, moved for and was granted an attachment on one hundred sacks of coffee as the property of Bartolo Suau. Suau Brothers, a commercial firm of Lares, brought the present proceeding in intervention and claimed that the property under attachment belonged to them.

Several incidents arose which it is unnecessary to go into here, and finally the case went to trial under a stipulation containing the following:

"4. Suau Bros. filed an oath as intervenors and after furnishing bond secured from the marshal the return of the one hundred sacks of coffee valued by the marshal of the court at $2,397.00.

"5. The court directed the matter to be submitted by brief from the plaintiff and the defendant Fidel Gerena.

"6. Pedro Suau and Bartolo Suau were on the date of the attachment, February 12, 1925, and still are managing partners of the firm of Suau Bros.

"7. The parties admit that Pedro Suau, manager of Suau Bros., would testify in open court that the one hundred sacks of coffee at-

tached by the marshal by virtue of the aforesaid writ of attachment belonged exclusively to Suau Bros. and that neither. Fidel Gerena as representative of the minor María Eladia González or Bartolo Suau were in any manner entitled to the aforesaid coffee under attachment because it had been acquired by Suau Bros. in the ordinary course of business.''

Fidel Gerena did not introduce any evidence and previously, when filing the claim of his ward, he had submitted the following:

''He denies for want of information that the one hundred sacks of coffee under attachment belong exclusively to Suau Bros. or that they are in any way the property of Suau Bros. or that Suau Bros. acquired them in the ordinary course of the firm's business, or in any other manner, all of this also for want of information. He denies that Fidel Gerena as representative of the minor María Eladia González or Bartolo Suau should not be entitled to the coffee, and furthermore the defendant herein alleges on information and belief that, granting that Suau Bros. are the owners of the coffee, defendant Bartolo Suau as partner in the firm of Suau Bros. has an indeterminate title, right or interest in the property under attachment.''

After this, the district court dismissed the complaint in intervention. We transcribe the following from its opinion on which its judgment is based:

''The court, after carefully considering the merits of the stipulation submitted, together with the statement presented by Pedro Suau, has not been convinced that Bartolo Suau had no interest in the coffee under attachment; on the contrary, it appears fully evident that Bartolo Suau had an interest therein as partner of the firm of Suau Bros.

''Apart from this fact, it has not been fully shown that Suau Bros. are the exclusive owners of the property, that is to say, owners to the exclusion of any right vested in Bartolo Suau; and furthermore the court has not been convinced that this is the proper proceeding in which to decide on the title to the coffee in question, in view of the circumstances of the case.''

The intervenor took an appeal to this court and in his

brief assigns five errors. It will be necessary to consider only three.

We can not accept as sound the conclusion of the trial judge that intervention is not the proper proceeding in which to test the title to the coffee attached. That was in fact the only question to be argued and decided. The coffee was attached as belonging to 'Bartolo Suau. The firm of Suau Brothers prayed that the attachment be dissolved on the ground that the coffee belonged to them.

Nor can we admit as sound the finding of the trial judge in weighing the evidence. It must not be overlooked that this is a case of personal property. The stipulation has more importance than was given to it by the court. The fact that the coffee had been attached while in the possession of Suau Brothers and the testimony of Pedro Suau showed a *prima facie* case in favor of the intervenor. As the party securing the attachment had not submitted any evidence nor even contradicted the testimony of Pedro Suau, the action in intervention should have been sustained.

That the party who moved for the attachment was not quite certain that the coffee was the individual property of Bartolo Suau appears from his own brief in the intervention proceeding in saying that in any case Bartolo Suau would have an indeterminate interest in the attached property as partner of Suau Brothers. The trial court erred also in taking that indeterminate interest as a ground in support of a positive attachment on property belonging to the firm. The attachment was levied by taking the coffee out of the possession of Suau Brothers and depositing it with another person.

The appellant cites the following paragraph, which is applicable herein, of the opinion of this court in the case of *Quintana Bros. & Co.* v. *S. Ramírez & Co. et al.*, 22 P.R.R. 707, 716. It says:

"A partnership is a juridical person distinct from the natural

persons of the members who compose it. According to law, such juridical person has its rights and obligations and one of the rights consists in the acquisition, possession and enjoyment of corporeal property. The property acquired by the partnership belongs to the partnership and not to any of the members individually. The members have interests in the capital, but such interests follow the fortune of the partnership. It is only when the partnership is dissolved and liquidated that the members individually acquire the interests belonging to them.''

A case related to this was decided a few days ago, that of *Perales* v. *Sampayo et al., ante,* page 808.

By virtue of the foregoing the judgment appealed from is reversed and substituted by another sustaining the complaint in intervention without special imposition of costs.